IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIN HAMPEL,

          Plaintiff,

       vs.                                  Case No. 06-1091-JTM

CITY OF WICHITA,

          Defendant.

MEMORANDUM AND ORDER

Plaintiff Erin Hampel alleges that she was subjected to excessive force by Officer Michael
Kepley of the Wichita Police Department on April 21, 2004. Officer Kepley is not a defendant.
Instead, Hampel has sued the City of Wichita alleging various constitutional violations, alleging that
she was in a "special relationship" with the City because she was in Kepley's custody, and seeking
to impose vicarious liability on the City. Hampel also raises state tort claims of battery, intentional
infliction of emotional distress, assault, and negligence.

The City has moved to dismiss Hampel's claims raised under the Eighth and Fourteenth
Amendments. Since Hampel was an arrestee rather than a convicted prisoner, the Eighth
Amendment is inapplicable. *Sauceda v. Dailey*, Case No. 97-2278-JWL, 1998 U.S. Dist. LEXIS
2617, (D. Kan. 1998). The same is true of the Fourteenth Amendment, since excessive force claims
are governed by the Fourth Amendment. *Saucier v. Katz*, 533 U.S. 194 (2001).

The City also argues that 42 U.S.C. § 1983 does not authorize respondeat superior claims against municipalities. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, (1997). The City goes on to state that plaintiff's "special relationship" claim is meritless, since under the circumstances of the case this would simply be another means of asserting a vicarious liability claim. Further, the City argues that Hampel's allegation of a lack of "professional judgment" is insufficient, since it fails to specify what actions of the City resulted in injury to the plaintiff.

Finally, the City argues that Hampels' state law claims are time-barred under Kansas law. K.S.A. 60-514.

Hampel responds that she has stated a claim for "special relationship," citing *Christiansen v. City of Tulsa*, 332 F.3d 1270 (10th Cir. 2003), that the City "failed to exercise professional judgment in putting Officer Kepley on the street," (Dkt. No. at 4), and that she should be permitted to proceed with her claim of intentional infliction of emotional distress. She does not respond to the City's statute of limitations argument nor to the City's arguments with respect to the Eighth and Fourteenth Amendment claims.

The court will dismiss plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff's state law claims will be dismissed as time-barred. Plaintiff's claim of a "special relationship" will also be dismissed.

"'[I]f the state restrains an individual's freedom to act to protect himself or herself through a restraint on that individual's personal liberty, the state may thereby enter into a 'special relationship' during such restraint to protect that individual from violent acts inflicted by others.'" *Christiansen*, 332 F.3d at 1280 (*quoting Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1261 (10th Cir. 1998) (no special relationship in case of suspended public school special education

2

student being driven home by school counselor).  The "special relationship" cases arising pursuant to *DeShaney v. Winnebago Cty. Soc. Servs. Dept.*, 489 U.S. 189, 109 (1989) create the potential for liability by state officers who fail to protect citizens against *third party violence*.  It is not a means of circumventing the otherwise clearly-established rule that a municipality will not be liable for the excessive force of police officers on the basis of respondeat superior.  *See Ladd v. Whisenhunt*, No 87-3210, 1989 WL 103438, at *4 (D. Kan. August 18, 1989) (applying the rule of *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978) to action alleging excessive force).

Other than the "special relationship" argument, the only basis advanced in Hampel's Complaint for imposing liability against the City for Officer Kepley's alleged conduct is expressed in a single sentence from that pleading:

> Furthermore, the officials of the City failed to exercise professional judgment by allowing Kepley who is clearly a rouge [sic] police officer continue to patrol the streets of Wichita.

(Dkt. No. 1, at ¶ 38).  The Complaint does note — in its Identification of Parties section — that the City of Wichita is a municipality of the State of Kansas and among other things is generally "responsible for the training, hiring, controlling and supervising its correction officers and agents." Id. at ¶ 5).  But the Complaint makes no allegation that Officer Kepley's training was inadequate. The Complaint makes no allegation that Kepley had received deficient or inadequate training or supervision.  The Complaint makes no allegation that, other than the single incident involving the specific alleged assault against the plaintiff,  Kepley had been involved in any other use of force. The Complaint makes no allegation that the City had any knowledge of any incidents of excessive force by Kepley prior to this incident.

3

A case alleging a failure to train officers against the use of excessive force requires an allegation that the employing agency had notice of the problem, but was deliberately indifferent to the danger — that it has "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Whitewater v. Goss*, 2006 WL 2424788, at *3 (10th Cir. 2006) (*quoting Carr v. Castle,* 337 F.3d 121, 1229 (10th Cir. 2003)).   *See also Thomas v. City of Chattanooga*, 398 F.3d 426, 431 (6th Cir.2005).

Here, Hampel makes no such allegation.  Instead, the Complaint relies solely on the single incident of excessive force allegedly directed at the plaintiff to assert that the City is liable  merely because it "allowed" Kepley to "continue to patrol the streets of Wichita" after the assault on her. Plaintiff's Complaint is defective since it fails to allege the required elements of knowledge or notice of danger and deliberate indifference. *See McNeal v. Zobrist*, 2006 WL 2692816, at *6 (D. Kan. 2006) (discussing elements of claim of excessive force due to inadequate training). Plaintiff has neither moved to amend the Complaint nor asserted by way of her response the existence of any fact allegations which would supply the missing elements.

Accordingly, the court will dismiss the Complaint without prejudice as to any such claim. The claims advanced under state law will be dismissed with prejudice.

IT IS ACCORDINGLY ORDERED this 7th day of November, 2006 that the defendant's Motion to Dismiss (Dkt. No. 5) is granted as provided herein.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE